IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROBERT JOHN RUCKER, SR.,**

    **Plaintiff,**

vs.                                             **CASE NO. 4:14cv646-WS/CAS**

**SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, initiated this case on December 4, 2014, by filing a civil rights complaint. Doc. 1. Plaintiff has complied with the prior Orders, docs. 3, 5, 10-11, 13, which required Plaintiff to submit a completed in forma pauperis motion. Plaintiff's submission is sufficient, docs. 14-16, and it would appear from review of Plaintiff's documentation that Plaintiff should be granted in forma pauperis status.

    As an additional note, Plaintiff's documentation was received by the Court on January 26, 2015, and January 27, 2015. Docs. 14-16. Several days earlier, on January 22, 2015, an Order was entered providing Plaintiff with more time to submit the documentation from his inmate bank account. Doc. 13. Plaintiff need not be concerned

with the deadline provided in that Order since he has provided the required inmate bank account statement and financial certificate/consent form.

Assuming Plaintiff should be provided in forma pauperis status, Plaintiff's complaint, doc. 1, was reviewed as required by 28 U.S.C. § 1915A. For the reasons explained below, this case cannot proceed.

The complaint form solicits information about a litigant's prior cases. Plaintiff states that he has not filed any other cases and has never had any federal case dismissed as frivolous, malicious, failing to state a claim, or prior to service. Doc. 1 at 3-4. That is not correct. Judicial notice is taken that Plaintiff[1] previously filed a civil rights case (case number 2:04cv14121) in the United States District Court for the Southern District of Florida on May 14, 2004. The case was dismissed for failure to state a claim upon which relief could be granted on August 30, 2004. Plaintiff also filed a second civil rights case (case number 2:04cv14274) in the United States District Court for the Southern District of Florida on October 5, 2004. That case was dismissed on January 26, 2005, also for failure to state a claim upon which relief could be granted. Doc. 18-1 of that case. Plaintiff then filed an appeal to the Eleventh Circuit Court of Appeals, and on August 15, 2005, that Court dismissed Plaintiff's appeal as frivolous. Doc. 35-1 of case number 2:04cv14274. Each dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

Section 1915(g), enacted by the Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action in forma pauperis under § 1915:

---

[1] The Court has confirmed that the cases were filed by Plaintiff John Rucker, Sr., by comparison of the Department of Corrections inmate identification number.

Case No. 4:14cv646-WS/CAS

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff's three prior prisoner actions which were dismissed for reasons listed in § 1915(g) require the denial of Plaintiff's in forma pauperis motion, unless Plaintiff is under imminent danger of serious physical injury.

Review of the complaint reveals Plaintiff has named as Defendants the Secretary of the Department of Corrections and Ms. Parker. Doc. 1 at 1. However, in section II of the complaint form, Plaintiff states that the Defendants are Sergeant Anita Nichols-Wimes, identified as a correctional officer, and "Ms. Parker" who Plaintiff identifies as "Secretary Florida Dept. of Corr." Doc. 1 at 2. Although the listing of Defendants is not consistent, it appears from Plaintiff's allegations that Defendant Nichols-Wimes is located at Wakulla Correctional Institution where Plaintiff is incarcerated and Defendant Ms. Parker (who is not the Secretary for the Department of Corrections) is located at the Department's Central Office. Plaintiff alleges that he has "required wheelchair mobility for 27 years," and despite that, Defendant Nichols-Wimes required Plaintiff "to clean her officers station, hallway and bathroom . . . ." Doc. 1 at 5. Plaintiff claims that work assignment was beyond his physical limitations and constitutes cruel and unusual punishment. *Id.* at 5-6. Plaintiff named "Secretary Parker" as a Defendant because his grievances received no response. As relief, Plaintiff seeks a reduction in his sentence,[2]

---

[2] Plaintiff is advised that there are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier

compensatory damages for pain and suffering, and an investigation conducted by the United States Department of Justice.  *Id.* at 7.

Plaintiff's factual allegations do not show that he faces "imminent danger" of serious physical injury.  Accordingly, because the § 1915(g) bar must be applied, Plaintiff's motions for leave to proceed in forma pauperis, docs. 14 and 16, should be denied, and this case dismissed.  Dismissal should be without prejudice such that Plaintiff could file a new complaint in which he presents all of these same allegations, but he must pay the full $400.00 filing fee at the time of filing the complaint.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motions for leave to proceed in forma pauperis, docs. 14 and 16, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case should be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on February 2, 2015.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994); Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (explaining that federal habeas corpus petition and civil rights complaints "are mutually exclusive" avenues of relief; "if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action").  Plaintiff cannot receive a sentence reduction as relief in a § 1983 civil rights complaint.

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.