IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ROBERT JOHN RUCKER, SR.,**

    **Plaintiff,**

vs.                                                                                  CASE NO. 4:14cv646-WS/CAS

**SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS, and
ANITA NICHOLS-WIMES,**

    **Defendants.**
_____/

## SECOND REPORT AND RECOMMENDATION

A Report and Recommendation was entered on February 2, 2015, recommending that Plaintiff's in forma pauperis motions, docs. 14 and 16, be denied pursuant to 28 U.S.C. § 1915(g).  Doc. 17.  The Report and Recommendation was adopted and this case dismissed on March 13, 2015.  Docs. 21-22.

Plaintiff, an inmate proceeding pro se, has now filed a motion for relief from judgment on April 16, 2015.  Doc. 23.  Plaintiff contends that dismissal of his case "constitutes a manifest miscarriage of justice" because he presented a plausible claim. *Id.* at 1-2.  Plaintiff states that he has "required wheel-chair mobility for 27 years" and complains that Defendant Nichols-Wimes ordered Plaintiff under threat of discipline to

perform work that he is physically unable to perform.  Doc. 23 at 2.  Specifically, Defendant Nichols-Womes ordered Plaintiff to clean the officer's station, hallway, and bathroom.  *Id.*  Plaintiff contends that performing that work caused him extreme and severe pain.  *Id.*  Liberally construed, Plaintiff's motion is deemed to assert relief pursuant to Rule 60(b)(1), "mistake, inadvertence, surprise, or excusable neglect."

As outlined in the earlier Report and Recommendation, doc. 21, Plaintiff did not correctly list all his prior cases and he has had at least three prior cases dismissed as frivolous, malicious, failing to state a claim, or prior to service.  *Id.*  Pursuant to § 1915(g), a prisoner who has had three cases dismissed as frivolous, malicious, or for failure to state a claim (known as the "three strikes" provision) may not be granted in forma pauperis status to litigate even a plausible claim unless he is under imminent danger of serious physical injury.  Plaintiff does not dispute that he has three strikes and, thus, he cannot pursue his claims in this case "unless he is under imminent danger of serious physical injury."  Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (concluding that the total withdrawal of treatment for HIV and hepatitis which are serious medical conditions, may constitute imminent danger of serious physical injury but affirming the dismissal of the complaint).

Plaintiff argues the merits of his case and makes a conclusory assertion that on December 14, 2014, after the filing of this case, he "suffered retaliation from Sgt. Anita Nichols-Wimes, Sgt. Clark, and local administration for the Department of Corrections."  Doc. 23 at 4.  Plaintiff does not explain what transpired that he contends was "retaliation," nor does he allege that he has been threatened with physical violation.

Thus, Plaintiff does not present any factual allegations which reveal he is in "imminent danger of serious physical injury" as required by § 1915(g).

After having a third meritless complaint dismissed, "a prisoner with three strikes must pay the full filing fee for each additional suit at the time that he initiates the suit." Owens v. Schwartz, 519 F. App'x 992, 994 (11th Cir. 2013) (citing Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)). Only if the prisoner demonstrates that he faces "imminent danger of serious physical injury" may he be permitted to proceed with in forma pauperis status. Owens, 519 F. App'x at 994 (11th Cir. 2013) (citing Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999). Allegations "of past imminent danger" are not sufficient to permit proceeding without full prepayment of the filing fee. Medberry v. Butler, 185 F.3d at 1193 (cited in Owens, 519 F. App'x at 994).

Here, Plaintiff does not present factual allegations which show Plaintiff faces "imminent danger" of serious physical injury. Although Plaintiff has alleged harm in the past, he does not show imminent or immediate danger of physical harm or injury. The conclusory and unsupported allegation of "retaliation" is also not sufficient to permit proceeding in this case without full prepayment of the filing fee. Thus, Plaintiff has not shown that the order of dismissal was based on "mistake, inadvertence, surprise, or excusable neglect" under Rule 60 and Plaintiff's motion for relief from judgment, doc. 23, should be denied.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for relief from judgment, doc. 23, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 20, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**