IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ROBERT JOHN RUCKER, SR.,

    Plaintiff,

v.                                                                                    4:14cv646-WS

CORIZON HEALTH CARE,
KIMBERLY CLARK,

    Defendants.

_____


ORDER ADOPTING THE MAGISTRATE JUDGE'S
SECOND REPORT AND RECOMMENDATION

Before the court is the magistrate judge's second report and recommendation docketed April 20, 2015. See Doc. 24.  The magistrate judge recommends that Plaintiff's "Motion for Relief from Judgment Due to Imminent Danger of Serious Physical Injury" (doc. 23) be denied.  Plaintiff has filed objections (doc. 25) to the report and recommendation.  Having reviewed the record, including Plaintiff's objections and the exhibits attached thereto, the court finds that the magistrate judge's report and recommendation should be adopted.

Plaintiff does not dispute that he is an inmate with "three strikes" for purposes of 28 U.S.C. § 1915(g). As a "three-striker," Plaintiff may not proceed *in forma pauperis* unless he establishes in his complaint that he is "under imminent danger of serious physical injury." *Id.* "A prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

In his complaint, Plaintiff alleged that, on October 29, 2014, Correctional Officer Anita Nichols-Wimes required him to perform work duties that were unsafe given his age and disabilities, causing him "extreme and severe pain." Plaintiff further alleged that, a few hours after he performed these work duties, he was rushed to medical and admitted to the infirmary with a diagnosis of "mild stroke." Plaintiff sought "sentence relief [and a] monetary award for pain and suffering."

Plaintiff's complaint was focused entirely on past acts and injuries and did not include any factual allegations to suggest that he was "in jeopardy of any ongoing danger." *Id.* As recommended by the magistrate judge, Plaintiff's complaint was dismissed without prejudice pursuant to § 1915(g) because he is a

three-striker who failed to allege that he faced imminent danger of serious physical injury. Judgment of dismissal was entered on March 13, 2015. Plaintiff did not file a Rule 59(e) motion to set aside the judgment; nor did he file a timely appeal from that judgment.

On April 14, 2015, thirty-one days after judgment was entered, Plaintiff gave his "Motion for Relief from Judgment Due to Imminent Danger of Serious Physical Injury" to prison officials for mailing. Doc. 23. In that motion, Plaintiff seeks relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure, which provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." To merit relief under Rule 60(b)(6), a prisoner must "prove extraordinary circumstances justifying reopening of a final judgment." *Howell v. Sec'y, Florida Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013). A motion under Rule 60(b), moreover, may not be used as a substitute for a timely appeal or for a timely motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *Andrews v. Warden, FCC Coleman-Medium*, 591 F. App'x 921, 922 (11th Cir. 2015) (explaining that a Rule 60(b) motion may not be used as a substitute for a timely appeal); *Equilease Fin. Servs., Inc. v. Fincastle Leasing, Inc.*, 305 F.

App'x 291, 294 (7th Cir. 2008) (explaining that Rule 60(b) is not a substitute for either a timely Rule 59(e) motion or an appeal).

Here, in essence, Plaintiff is using Rule 60(b)(6) as a vehicle for seeking reconsideration of the court's earlier decision to dismiss his claims pursuant to § 1915(g).  He is, in other words, using his Rule 60(b)(6) motion as a substitute for a timely appeal or Rule 59(e) motion.  This he may not do.  Furthermore, he provides no basis in his motion for granting relief under *any* of Rule 60(b)'s six subsections.  To be sure, he complains in his motion (and in his objections to the report and recommendation) that he has suffered unspecified acts of retaliation since he filed this action, but he presents no facts to suggest that these acts place him in imminent danger of serious injury.  Indeed, he states that "the instances [of retaliation] have not been of the most severe nature as of yet."  This court finds that the magistrate judge correctly determined that Plaintiff's Rule 60(b) motion should be denied.  Plaintiff's objections to the magistrate judge's report and recommendation do not persuade the court otherwise.

Having considered Plaintiff's motion for relief from judgment, the magistrate judge's report recommending denial of that motion, and Plaintiff's objections to the magistrate judge's report and recommendation, the court

concludes that Plaintiff's Rule 60(b) motion must be denied as recommended. Accordingly, it is ORDERED:

1. The magistrate judge's second report and recommendation (doc. 24) is ADOPTED and incorporated by reference into this order.

2. Plaintiff's "Motion for Relief from Judgment Due to Imminent Danger of Serious Physical Injury" (doc. 23) is DENIED.

DONE AND ORDERED this   12th   day of   May  , 2015.


s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE