IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ROBERT JOHN RUCKER, SR.,**

    Plaintiff,

vs.                                                             **CASE NO. 4:14cv646-WS/CAS**

**SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS, and
ANITA NICHOLS-WIMES,**

    Defendants.
_____/

## THIRD REPORT AND RECOMMENDATION

A Report and Recommendation was entered on February 2, 2015, recommending that Plaintiff's in forma pauperis motions, docs. 14 and 16, be denied pursuant to 28 U.S.C. § 1915(g).  Doc. 17.  The Report and Recommendation was adopted and this case dismissed on March 13, 2015.  Docs. 21-22.  Thereafter, Plaintiff filed a motion for relief from judgment pursuant to Rule 60 on April 16, 2015.  Doc. 15.  A Second Report and Recommendation was entered recommending that motion be denied.  Doc. 24.  That recommendation was also adopted on May 12, 2015.  Doc. 26.

Plaintiff has now filed a "sworn motion for a temporary restraining order and preliminary injunction." Doc. 27. Plaintiff seeks an order to "restrain Defendant Nichols-Wimes from directly and or indirectly taking any adverse retaliatory action against the Plaintiff, Plaintiff's wheelchair pushers and or any prisoner assisting Plaintiff in this action." *Id.* at 1.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

Here, Plaintiff's motion should be denied. Plaintiff's complaint has already been dismissed and, thus, there can be no substantial likelihood of success. In addition, Plaintiff does not present any specific factual allegations which reveal he faces any injury, much less irreparable injury. Plaintiff contends that because of Defendant Wimes' "deliberate indifference" to his physical disabilities, she "personally caused Plaintiff to suffer a 'mild stroke.' " Doc. 27 at 2. That is a conclusion, unsupported by facts. Plaintiff does not allege any other facts which show he has been threatened by any person, that he has suffered retaliation, or that he is in danger from anyone. The motion consists of conclusory assertions only and is insufficient.

In addition, Plaintiff was denied in forma pauperis status under § 1915(g) because he had not shown at the time of case initiation that he was in imminent danger of serious physical injury. Plaintiff's complaint contained insufficient allegations to proceed under the imminent danger exception. Plaintiff's instant motion further supports that finding. Attached to Plaintiff's motion is a request for administrative remedies remedy or appeal submitted to the Department of Corrections on March 12, 2015. Doc. 27, Ex. A (doc. 27-2 at 2). Plaintiff alleged that he had been warned that Defendant "Nichols-Wimes was returning to L-Dorm from her pregnancy leave." *Id.* Thus, Plaintiff was not in *imminent* danger of harm from that Defendant because that Defendant was on leave. Plaintiff was also not in danger of harm from the Secretary, the only other named Defendant, because that official is not present with Plaintiff at Wakulla Correctional Institution.

Plaintiff's motion for a temporary restraining order should be denied. If Plaintiff contends he is *now* in imminent danger of serious physical injury, Plaintiff should initiate

Case No. 4:14cv646-WS/CAS

a new lawsuit in which he presents factual allegations to support that claim in the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order and preliminary injunction, doc. 27, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 27, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.